# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| DEREK FLOYD, | Case No.: 3:20-cv-01737-BAS-AHG |
|---|---|
| Plaintiff, | **ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER** |
| v. | |
| CITY OF SAN DIEGO, | **[ECF No. 8]** |
| Defendant. | |

Before the Court is the parties' Joint Motion for Protective Order. ECF No. 8. Having reviewed the motion and the parties' proposed protective order, good cause appearing, the Court **GRANTS** the motion. The Court enters the following Stipulated Protective Order exactly as submitted by the parties:

The parties recognize that at least some of the documents, video/audio recordings and information ("materials") being sought through discovery in the above-captioned action may, for public safety and privacy reasons, be kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain confidential information affecting public safety, information may be deemed unduly prejudicial if not protected, as well as private information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(B). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, videos, audio recordings, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be "CONFIDENTIAL" information by any party to which it belongs.

2. The term "counsel" will mean counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

| **Counsel for Plaintiff** | **Counsel for Defendant** |
|---|---|
| Thomas E. Robertson, Esq. | Dave E. Abad, Esq. |
| Law Offices of Thomas E. Robertson | San Diego City Attorney's Office |
| 501 W. Broadway, Suite 1510 | 1200 Third Avenue, Suite 1100 |
| San Diego, CA 92101 | San Diego, CA 92101 |
| (619) 544-9911 | (619) 533-5800 |

IT IS HEREBY ORDERED that:

1. **Scope of Order.** This Protective Order ("Order") shall govern the use and disclosure of all designated confidential information ("Protected Information") produced by or on behalf of any Party, or furnished by any person associated with any Party, on or after the date of this Order in any pleading, discovery request, discovery response, document production, subpoena, or any other disclosure or discovery proceeding in this Action. Any alleged Confidential Information produced in discovery shall only be used for the purposes of preparing for and conducting this Action and only as provided in this Order.

2. **Confidentiality Designations.** Any Party, or other person or entity producing information in this Action, may designate any document, information, thing, or discovery response as protected by marking it at or before the time of production or exchange with the legend "CONFIDENTIAL." If it is impracticable to mark something with such a legend (*e.g.,* information contained on a computer hard drive), the designation may be made in writing. All "CONFIDENTIAL" designations must be based on the good faith belief that the information constitutes (a) Confidential Information or (b) information subject to a legally protected right of privacy.

3. **Undertaking.** Any document or item marked "CONFIDENTIAL" shall be held in confidence by each Party or person to whom it is disclosed according to the procedures set forth in this Order; shall be used only for purposes of preparation, trial, and appeal or confirmation of this Action; shall not be used for any business or commercial purpose; and shall not be disclosed to any person who is not authorized to receive such information as provided herein. All documents or materials so marked shall be carefully maintained in secure facilities.

4. **Manner of Designation.**

   a. The designation of documents or other materials shall be made by written notice in the documents or materials by affixing to it, in a manner that shall not interfere with its legibility, the word "CONFIDENTIAL" on all or any part of the document

or thing. Wherever practicable, the designation of "CONFIDENTIAL" shall be made by the producing Party, person or entity prior to, or contemporaneously with, production or disclosure. Documents or information designated as "CONFIDENTIAL" before entry of this Order shall be treated as "CONFIDENTIAL" within the meaning of this Order.  Any non-designating Party may challenge any designation of confidentiality in accordance with Paragraph 11 below.

    b. All deposition transcripts in this Action shall be treated by all parties as provisionally protected as "CONFIDENTIAL" for a period of fourteen (14) calendar days following receipt of the transcripts.  Within the fourteen (14) day period, any party may designate particular portions of a transcript as "CONFIDENTIAL" Information by giving written notice of such designation to every other party to the Action.  To the extent possible, the Party, person or entity making the designation shall be responsible for assuring those portions of the deposition transcript and exhibits designated "CONFIDENTIAL" are appropriately bound by the reporter. The Parties should avoid designating entire transcripts as "CONFIDENTIAL" where only a portion thereof or the exhibits used therewith qualify for protection under this Order; to the extent reasonably practicable, only such portions or exhibits should be designated as Confidential Information. Failure of a Party, person or entity to so designate any particular portion of the transcript or exhibits within the 14-day time period will presumptively establish any such portion(s) are not subject to this Order. However, a Party may seek relief from the Court if such a failure to so designate within the 14-day time period occurs.

    c. In the event that a Party is permitted by agreement with other Parties or by order of the Court to inspect or review documents prior to official production in response to a Party's discovery request(s), all documents and things produced at such inspection will be considered to be "CONFIDENTIAL."  At the time any such responsive documents and/or things are officially produced, however, an appropriate designation, if any, shall be placed on each document or thing in accordance with this Protective Order.

//

5. **Use and Access of Confidential Information.**

a. **CONFIDENTIAL:** Except as set forth herein, or in any subsequent order of the Court or by express written consent by counsel of record for the Parties, no documents, things or information designated as "CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited or disclosed to any person, other than:

i. the Court, any Court personnel, and/or any court reporter or videographer recording or transcribing testimony in a deposition, hearing, or other proceeding in this Action;

ii. Counsel for the Parties and the attorneys, paralegals, law clerks, and clerical staff who are providing active assistance to Counsel in this Action;

iii. any person identified from the four corners of the information, document or thing itself as having authored or previously received the information, document or thing; and

iv. the Parties to this Action; provided, however, that disclosure may be made only to the extent necessary for the prosecution or defense of this litigation;

v. any actual or potential witness, provided that said witness has executed a certification in accordance with Paragraph 6 below;

vi. any person testifying at a deposition, provided that said person has executed a certification in accordance with Paragraph 6 below;

vii. any expert, technical advisor, or consultant retained, employed, or consulted by any Party for the purposes of this Action, provided that said experts or consultants have executed a certification in accordance with Paragraph 6 below; and

viii. other persons who may be specifically designated by consent of all Counsel of record for the Parties, or pursuant to an order of the Court,

provided that said person has executed a certification in accordance with Paragraph 6 below.

6. **Disclosure to Witnesses, Technical Advisers, Experts and/or Consultants; and Certification of Confidentiality.** Before giving any witness, expert, technical adviser and/or consultant as described in Paragraph 5 above access to information, documents or things designated as "CONFIDENTIAL," the Party's Counsel who seeks to disclose any such information to any such person shall require that person to read and agree to be bound by this Order by signing a certification that must be maintained by Counsel for the Party seeking to disclose such information until complete resolution of the following.  The term "technical adviser" shall mean any person, including but not limited to a proposed expert witness or non-testifying consultant, with whom counsel may deem it necessary to consult concerning any technical, financial, or other aspect of this case for the preparation of litigating and/or conducing trial in this Action. The certification to be signed must state the following:

> *I certify my understanding that any documents, information, answers, responses, and/or other materials that are provided to me in this case are subject to the terms and restrictions of the Stipulated Protective Order in Floyd v. City of San Diego 20cv1737 BAS (AHG).  I have been given a copy and have read that Order. I have had its meaning and effect explained to me by counsel who provided me with the above described information.  I understand that any such information and/or documents, and any copies, notes or other memoranda regarding information in such documents, shall not be disclosed to others except in accordance with that Order, and shall be used only for purposes of this proceeding.  I agree to comply with the Order.*

7. **Safeguarding Confidential Information.** The recipient of any "CONFIDENTIAL" material provided pursuant to this Order shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use, so long as it remains so designated.

8. **Filing Under Seal.** No document shall be filed under seal unless counsel secures a court order allowing the filing of a document, or portion thereof, under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, they must contact the chambers of the judge who will rule on the application to notify the Court that an opposition to the application will be filed.

9. **Final Disposition.** Within ninety (90) days of the conclusion of this Action, including any appeals, all "CONFIDENTIAL" information furnished pursuant to the terms of this Order, any notes reflecting Confidential Information and all copies thereof, which are not in the custody of the Court, shall, upon request, be returned to the Party furnishing that Confidential Information or be destroyed (and certified by affidavit as having been destroyed) by the Party in possession thereof, provided that counsel for the Parties may retain their notes and any work product materials and litigation files.

10. **No Presumption of Protected Status.** This Stipulated Protective Order does not address discovery objections, nor does it preclude any party from asserting objections to any discovery request for any reason permitted by the applicable rules of civil procedure or as otherwise permitted by law. This Order does not preclude any party from moving for any relief cognizable under rules of civil procedure.

11. **Challenging Confidential Designation.** A party may oppose the designation of Confidential Information by notifying the designating Party in writing. If a Party opposes the designation of any particular document or information designated as "CONFIDENTIAL," the Parties shall make a good faith attempt to resolve the dispute by agreement. If the Parties are unable to resolve the dispute, then the Party opposing the designation may seek relief from the Court pursuant to the 45-day rule and procedures set forth in the chambers' rules. The burden remains on the designating Party to demonstrate the propriety of the designation. Until a motion is filed and resolved by the Court, all

documents and materials with which a confidential designation is being challenged shall be treated in the confidential manner that they have been designated by the producing Party, person, or entity as prescribed in this Order.  Any motion filed pursuant to this paragraph shall identify with specificity each and every document or piece of information for which a confidentiality designation is being challenged and state the basis for such challenge.

      12.    **Modifications By the Court.**  The Court may modify the protective order *sua sponte* in the interests of justice or for public policy reasons.

      13.    **Modification By The Parties.**  Nothing in this Order shall preclude any party from applying to the Court for an appropriate modification of this Order; provided, however, that before such an application, the Parties, persons, or entities involved shall make a good faith effort to resolve the matter by agreement.  Furthermore, the Parties can agree in writing, without approval from the Court, on the exclusion of particular information, documents, answers, or responses from the scope of this Order.

      14.    **Inadvertent Production.**  The inadvertent production pursuant to discovery by any Party, person, or entity, of any document or communication that is protected by privilege, work product doctrine or statutory confidentiality, will not operate as a waiver of the producing person's right to assert a defense to production of that document or communication, or any other document or communication, and any such material shall be returned promptly to the person producing it on timely written demand identifying the specific document(s).  Any information, document or thing mistakenly produced or disclosed without a "CONFIDENTIAL" designation may be subsequently designated by the producing Party, person, or entity as "CONFIDENTIAL" at any time pursuant to the terms of this paragraph without waiving the confidential nature of the document or information.  In each such case, the designating person shall provide to all other parties notice, either orally followed by written notice within five (5) business days or by written notice within five (5) business days, of that subsequent designation and a copy of the document or thing marked in accordance with this paragraph.
/ / /

15. **Continuing Jurisdiction.** Unless superseded by later order, this Order shall remain in full force and effect after the termination of this Action and the Parties agree that the Court may enforce the terms of this Order and/or redress any violations thereof.

16. **Non-Parties.** The existence of this Order may be disclosed to any non-party producing documents or information in this Action who may reasonably be expected to desire confidential treatment of such information. Such non-parties may avail themselves of the protections of this Order. By availing themselves of the protections of this Order, such non-parties consent to the jurisdiction of the Court for purposes of enforcing the terms of this Order only.

17. **Exclusions**. The restrictions set forth in any of the paragraphs hereof with respect to information, documents, or things designated as "CONFIDENTIAL" shall not apply to:

    a.    any information, document or thing which at the time of disclosure to a receiving party is in the public domain in its protected form;

    b.    any information, document or thing which after disclosure to a receiving party becomes part of the public domain in its protected form as a result of publication not involving a violation of this Order;

    c.    any information, document or thing which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; or

    d.    to any party who produced the information, document or thing designated as "CONFIDENTIAL".

//
//
//
//
//
//

9

3:20-cv-01737-BAS-AHG

18. **Existing Obligations.**  This protective order shall not be construed as, and does not constitute, a novation of any existing obligations of confidentiality a Party may owe another Party, person, or entity.  To the extent they already exist, all such obligations remain in full force and effect notwithstanding the provisions of this protective order.

**IT IS SO ORDERED.**

Dated:  November 18, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge